UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br>    Plaintiff,<br><br>v.<br><br>ROBIN STRICKLIN, et al.,<br>    Defendants. | Case No. 24-cv-00717 BLF (PR)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SLEA; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>(Docket Nos. 2, 4) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at the Correctional Training Facility ("CTF"), where he is currently housed. Dkt. No. 1. Along with the complaint, Plaintiff filed a "motion for TRO and for preliminary and permanent injunction" under Rule 65 of the Federal Rules of Civil Procedure to prevent his transfer from CTF pending the disposition of this matter. Dkt. No. 2. Plaintiff also filed an administrative motion to file certain documents under seal. Dkt. No. 4.

### DISCUSSION

**A.   Plaintiff's Claims**

Plaintiff alleges that he is currently serving a nine-year term and set to be paroled

on July 14, 2024. Dkt. No. 1 at 8. He alleges that he has always been at a level 2 facility and never housed at any high level during his incarceration; he is currently housed at CTF. *Id.* While he was at Santa Clara County Jail ("Jail") during appeal proceedings, Plaintiff received several infractions at the Jail. *Id.* Plaintiff alleges that after he returned to CTF, Defendants used the Jail infractions to recalculate Plaintiff's classification score. *Id.* at 8-9. Plaintiff first became aware of his changed score at a classification hearing on October 16, 2023, when he was informed that his score had been increased from 35 to 39, making him eligible for level 3 placement consideration and transfer out of CTF. *Id.* at 10. Plaintiff alleges that Defendants misapplied regulations in various ways and miscalculated his score. *Id.* at 11-12. He challenged the score through the prison's grievance process. *Id.* at 9. At an ICC (Inmate Classification Committee) hearing on January 3, 2024, Plaintiff was informed that he was being sent to a level 4 prison, and this classification score was now 69. *Id.* at 18. He was subsequently provided with the explanation for the increase in his score, which were largely based on the multiple Jail infractions. *Id.* at 19. Plaintiff objects to the use of these infractions as violating due process. *Id.* at 20. At another ICC hearing on January 18, 2024, the ICC affirmed the 69 score and endorsed his transfer to a level 4 facility; Plaintiff expressed his objections at the hearing. *Id.* at 23. Shortly thereafter, Plaintiff learned that the various medical holds, which were preventing his transfer to another institution, had been removed. *Id.* at 24-25. Plaintiff alleges that his file has been sent to CDCR HQ for confirmation and that if he is affirmed for a level 4 facility, he will be transferred immediately. *Id.* at 26.

**B.      Rule 65 – Injunctions and Restraining Orders**

In his Rule 65 motion, Plaintiff claims that he is in immediate danger to his life and health. Dkt. No. 2 at 2. He claims he has been denied due process and equal protection, and that Defendants have been "deliberately indifferent to calculating his placement score." *Id.* He asserts that he has safety concerns and medical/dental needs that will be ignored if he is transferred to another institution. *Id.*

2

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Accordingly, the motion for a preliminary injunction shall not be decided until Defendant has been served in this action and given an opportunity to be heard.

On the other hand, a TRO may be granted under Rule 65(b) without written or oral notice to the adverse party or that party's attorney *only if*: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

Here, Defendants have not been served in this action, and Plaintiff does not indicate that he has otherwise notified them of the claims in this matter under Rule 65(b), i.e., certified in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B).

Furthermore, Plaintiff has failed to establish all the factors under *Winter* to warrant a TRO at this time. With regard to the first *Winter* factor, Plaintiff asserts that he is likely to succeed on the merits because the removal of the challenged infractions would reduce his classification score. Dkt. No. 2 at 3. However, even if Plaintiff had a protected liberty interest in a correct classification score, California inmates are at most entitled to notice and an opportunity to contest a classification score before it is affixed. *Cf. Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (reclassification for administrative reasons only requires notice and hearing). Plaintiff's allegations indicate that he may have received at least that much process. *See supra* at 2. Plaintiff also asserts that the medical holds indicated that he needed to be held at CTF before "Defendants took reprisals and coerced staff to remove holds." Dkt. No. 3. However, these allegations appear to be speculative and conclusory as Plaintiff makes no allegation indicating why Defendants would be motivated to take "reprisals" or that staff was "coerced" into removing the medical holds. Accordingly, the Court is not persuaded that Plaintiff has shown likelihood of success.

Second, Plaintiff asserts that irreparable harm will occur because he will be denied his medical/dental care which are currently being addressed at CTF and because he will be housed with inmates with whom he has existing concerns. Dkt. No. 2 at 3. In *Winter*, the Court rejected the Ninth Circuit's earlier approach that allowed issuance of a preliminary injunction based on the "possibility" of irreparable injury, determining that the movant must demonstrate that irreparable injury was likely to obtain a preliminary injunction. *Winter*, 555 U.S. 7 at 21. Here, Plaintiff merely speculates as to the potential risks to his safety as he is not aware which level 4 facility he will be transferred, and the mere "possibility" of being housed with dangerous inmates is not sufficient to establish

4

irreparable injury. Furthermore, Plaintiff is also merely speculating that the institution to which he is transferred will be unable to provide for his medical/dental needs and that the prisons will not keep his continuity of care. Accordingly, Plaintiff has failed to establish irreparable harm absent preliminary relief.

Having failed to establish at least two of the *Winter* factors, it cannot be said that Plaintiff has established *by a clear showing* that he merits the granting of the extraordinary remedy of a preliminary injunction. *See Lopez*, 680 F.3d at 1072.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for a TRO and preliminary injunction is **DENIED** as without merit. Dkt. No. 2.

Plaintiff's administrative motion to file under seal certain documents as containing confidential information is **GRANTED**. Dkt. No. 4.

This order terminates Docket Nos. 2 and 4.

**IT IS SO ORDERED.**

Dated: __February 9, 2024_____

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

Order Denying TRO
PRO-SE\BLF\CR.24\00717Khan_deny.tro