UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBIN STRICKLIN, et al.,<br><br>    Defendants. | Case No. 24-cv-00717 BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; OF DISMISSAL** |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On February 9, 2024, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* because Plaintiff had not shown an adequate level of poverty: the last statement balance from his trust account was $1,012.41. Dkt. No. 3 at 3. Plaintiff was directed to pay the full filing fee no later than twenty-eight days from the date the order was filed or face dismissal. *Id.* The Court later granted Plaintiff an extension of time to pay the filing fee by March 22, 2024. Dkt. No. 13.

Plaintiff filed a "reply" to the court order denying IFP, challenging the denial or alternatively, requesting he be allowed to submit updated statements. Dkt. No. 22. This appears to be a motion for reconsideration. No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a

material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

Here, Plaintiff did not first request leave of Court before filing the motion for reconsideration as required under Local Rule 7-9. As such, the Court will construe the motion as one for leave to do so and analyze whether he has satisfied any of the requirements under Rule 7-9(b). He has not, as Plaintiff's arguments do not involve any material difference in fact or law, nor was there a manifest failure by the Court to consider material facts before it. A prisoner's *pauper* status is evaluated at the outset of the action as indicated by the supporting papers which must accompany the IFP application. *See* 28 U.S.C. § 1915(a)(2). Plaintiff's last statement balance clearly indicated an ability to pay at the time of filing. Accordingly, there was no error in denying the IFP application. The motion is **DENIED**.

The deadline has passed, and Plaintiff has failed to pay the filing fee. Accordingly, this matter is **DISMISSED** for failure to pay the filing fee.

**IT IS SO ORDERED.**

Dated: __April 11, 2024_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.24\00717Khan_dism(fee)